UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: _____

CRYSTAL GRAFTON,

                Plaintiff,

v.

CHARTER SCHOOLS USA, INC.,

                Defendant.

_____

## COMPLAINT

The Plaintiff CRYSTAL GRAFTON (the "Plaintiff") sues the Defendant CHARTER SCHOOLS USA, INC. (the "Defendant"), and alleges:

## JURISDICTION

1. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA")[1].

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

3. This is also an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

4. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative

---

[1] Plaintiff will file a charge of discrimination. When she receives a right to sue, she may seek leave of the Court to amend this complaint and include counts of retaliation and discrimination.

facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

**VENUE**

5. The Defendant is a Delaware corporation duly authorized to do business under the laws of the State of Florida and conducting business in Broward County, Florida.

6. Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court.

7. Plaintiff is a covered employee for purposes of the FMLA.

8. Defendant, at all times relevant, is and was engaged in interstate commerce.

9. The acts or omissions giving rise to this Complaint occurred in whole or in part in Broward County, Florida.

10. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendant has its principal place of business within the district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Broward County, Florida.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. At all times material, Plaintiff was employed by Defendant as an office administrator from approximately September 11, 2014, until her wrongful termination on or about November 5, 2021.

12. On or about September 13, 2021, Plaintiff fainted on the job and requested medical treatment.

13. In response, Defendant sent Plaintiff to a worker's compensation clinic (MDNOW).

14. Defendant's worker's compensation carrier advised Plaintiff that she had a cardiovascular issue and further advised Plaintiff that she needed to go see a cardiologist for further treatment.

15. A little after two weeks, Plaintiff went to her own doctor and requested a referral to a cardiologist.

16. Plaintiff saw a cardiologist on or about October 7, 2021, for an initial evaluation.

17. Approximately five (5) days later, Plaintiff had a follow up visit with her cardiologist. During this visit, Plaintiff's cardiologist scheduled Plaintiff to return for a final evaluation on November 15, 2021.

18. At all times relevant, Plaintiff informed Defendant of her time off to visit doctors and to receive medical treatment.

19. In response, Defendant gave Plaintiff FMLA leave request-related documents (the "FMLA Documents") for Plaintiff's doctors to fill out and sign.

20. Plaintiff promptly handed the FMLA Documents to her primary doctor. Plaintiff's primary doctor completed and submitted the FMLA Documents back to the Defendant.

21. Defendant rejected the FMLA Documents and advised Plaintiff that *her cardiologist,* and not her primary doctor, needed to fill out, sign and submit the FMLA Documents.

22. Obediently, Plaintiff handed the FMLA Documents to her cardiologist. In response, the cardiologist stated that he could not properly fill out the FMLA Documents because he had not completed his evaluation of Plaintiff.

23. Plaintiff communicated her cardiologist's response to the Defendant and advised that her evaluation with the cardiologist was scheduled for November 15, 2021.

24. Defendant then sent a letter to Plaintiff advising her that it needed to discuss a "reasonable accommodation" for Plaintiff once she returned to work.

25. Plaintiff contacted the Defendant to discuss a "reasonable accommodation" and to her surprise, instead of discussing accommodations, Charlene Brown and Kyle Francis, both Plaintiff's supervisors, advised Plaintiff that she was going to be fired unless she got her cardiologist to sign and submit the FMLA Documents right away.

26. Again, Plaintiff explained that she could not get her cardiologist to sign and submit the FMLA Documents until after this doctor evaluated her on November 15, 2021.

27. In response, instead of allowing Plaintiff sufficient time for her doctor to complete his evaluation of Plaintiff's cardiovascular issues, Defendant terminated Plaintiff's employment on or about November 5, 2021.

28. Since her termination, Plaintiff has learned that Defendant had already posted an "Indeed" ad for her replacement as early as October 2021.

29. Prior to her termination Plaintiff performed her work admirably and was revered by her colleagues with whom she worked.

30. All conditions precedent to bringing this action have occurred, been performed or been excused.

31. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

**COUNT I: RETALIATION – 440.205**

32. Plaintiff re-alleges and incorporates paragraphs 1-31.

33. At all times relevant, Plaintiff was employed by the Defendant as an office administrator.

34. On or about September 13, 2021, the Plaintiff suffered a work-related injury, namely, she fainted and fell at work. The injury happened while Plaintiff was working for the Defendant.

35. The injury alleged above required medical treatment.

36. After the work-related accident as described above, the Plaintiff reported her injuries to the Defendant and requested medical treatment.

37. On or about November 15, 2021, the Defendant fired Plaintiff.

38. Fla. Stat. § 440.205 states: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

39. Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

40. A motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, Plaintiff would not have been fired but for her claiming worker's compensation benefits as described above.

41. The Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

42. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

43. The Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

### COUNT II: INTERFERENCE (TERMINATION) – FMLA

44. Plaintiff re-alleges and incorporates paragraphs 1-31.

45. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

46. Plaintiff worked for Defendant for at least 12 months before the date any FMLA leave was to begin.

47. Plaintiff worked for Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

48. Plaintiff was "entitled" to FMLA leave because she had a serious health condition. Specifically, her fainting and her heart/cardiovascular issues, which required medical treatment with a cardiologist, are a serious health condition.

49. In addition, Defendant understood Plaintiff's medical condition to be a serious medical condition because it itself gave Plaintiff FMLA Documents, which operate as an admission.

50. At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

51. Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

52. On November 5, 2021, Plaintiff was eligible for FMLA leave.

53. At all times material, Plaintiff gave proper notice to Defendant by informing it of her serious medical condition, a cardiovascular issue, which needed medical treatment by a specialist.

54. Plaintiff provided enough information for Defendant to know that her potential leave may be covered by the FMLA.

55. Despite its knowledge of Plaintiff's medical condition, Defendant terminated Plaintiff instead of affording her time to get her cardiovascular doctor to complete the FMLA Documents after the November 15, 2021, evaluation.

56. When Defendant fired Plaintiff, it interfered with Plaintiff's rights under the FMLA.

57. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

   a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

   b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

   c. Award Plaintiff liquidated damages;

   d. Award Plaintiff prejudgment interest on her damages award;

   e. Award Plaintiff reasonable costs and attorney's fees;

   f. Award Plaintiff any further relief pursuant to the FMLA; and

   g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III: RETALIATION (FMLA)

58. Plaintiff re-alleges and incorporates paragraphs 1-31.

59. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

60. Plaintiff worked for Defendant for at least 12 months before the date any FMLA leave was to begin.

61. Plaintiff worked for Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

62. Plaintiff was "entitled" to FMLA leave because she had a serious health condition. Specifically, her fainting and her heart/cardiovascular issues, which required medical treatment with a cardiologist, are a serious health condition.

63. In addition, Defendant understood Plaintiff's medical condition to be a serious medical condition because it itself gave Plaintiff FMLA Documents, which operate as an admission.

64. At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

65. Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

66. On November 5, 2021, Plaintiff was eligible for FMLA leave.

67. At all times material, Plaintiff gave proper notice to Defendant by informing it of her serious medical condition, a cardiovascular issue, which needed medical treatment by a specialist.

68. Plaintiff provided enough information for Defendant to know that her potential leave may be covered by the FMLA.

69. Plaintiff requested FMLA from Defendant. She also took approved leave just before her termination.

70. In response, Defendant terminated Plaintiff.

71. Defendant has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against Plaintiff for requesting leave under the FMLA, or by taking approved leave under the FMLA.

72. Plaintiff's medical leave pursuant to the FMLA was a direct and proximate cause of her termination from her employment with Defendant.

73. The effect of the practice complained of above has been to deprive Plaintiff of equal employment opportunities and, in fact, her employment.

74. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has been damaged in that Plaintiff lost, inter alia, wages, other compensation, and benefits.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: January 21, 2022.

                                      Respectfully submitted,

                                      By: s/ Tanesha W. Blye
                                      Tanesha W. Blye, Esquire
                                      Fla. Bar No.: 0738158
                                      Email: tblye@saenzanderson.com

                                      R. Martin Saenz, Esquire
                                      Fla. Bar No.: 0640166
                                      Email: msaenz@saenzanderson.com

                                      SAENZ & ANDERSON, PLLC
                                      20900 NE 30th Avenue, Ste. 800
                                      Aventura, Florida 33180
                                      Telephone: (305) 503-5131
                                      Facsimile: (888) 270-5549
                                      *Counsel for Plaintiff*